UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WON-YOUNG CHOI, | ) |
| | ) CASE NO. C11-5914-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER RE: SOCIAL SECURITY |
| | ) DISABILITY APPEAL |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Won-Young Choi proceeds in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court finds this matter should be REVERSED and REMANDED for an award of benefits.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958.[1] He has a college education and past work

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

experience as a pharmacist.  (AR 64, 72, 404.)

Plaintiff filed an application for DIB on February 24, 2006, alleging disability beginning February 28, 2005.  He is insured for DIB through December 31, 2010.  (AR 398.) Plaintiff's application was denied at the initial level and on reconsideration.  Plaintiff timely requested a hearing.

On August 27, 2007, ALJ Charles S. Evans held a hearing, taking testimony from plaintiff, a vocational expert, and a medical expert.  (AR 345-81.)  On September 27, 2007, the ALJ issued a decision finding plaintiff not disabled under the Social Security Act at any time from the alleged onset date through the date of the decision.  (AR 432-39.)  Plaintiff timely appealed, first to the Appeals Council (AR 425-28), and then to the United States District Court, which reversed and remanded for further proceedings.  (AR 411-15; *see also* AR 408-10).

ALJ Richard Say convened a second administrative hearing on June 18, 2010 and December 1, 2010, taking testimony from plaintiff, a medical expert, and a vocational expert (AR 551-70, 571-604.)  On February 18, 2011, the ALJ issued a decision finding plaintiff not disabled. (AR 395-405.)  The Appeals Council denied plaintiff's request for review on September 20, 2011 (AR 382-84), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

# **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

///

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

# **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative disc disease of the lumbar and cervical spine severe. The ALJ found non-severe plaintiff's left bicep tendonitis, possible osteoarthritis in the hands, knee pain, head and face contusion, elbow pain, mild insomnia, shoulder pain and limited range of motion, reports of a "frozen" shoulder and lower extremities, high blood pressure, and possible depression. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

If a claimant's impairments do not meet or equal a listing, the ALJ must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff to have the functional capacity to perform at least sedentary work as defined in 20 C.F.R. § 404.1567(a) because of a limited tolerance for prolonged standing and walking. He can stand and walk for two or three hours in an eight-hour day and sit for at least six hours in an eight-hour day. He can lift and carry objects at the light exertional level, lifting and carrying up to twenty pounds occasionally and ten pounds frequently. He should never climb ladders, ropes, or scaffolds, and never crawl. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and reach overhead.

He can frequently balance, and frequently handle, push and pull with his right (dominant) arm. He can occasionally push and pull with his left hand. He can continuously finger and feel. He can occasionally operate foot controls. Due to distraction caused by perceived pain, he is limited to semi-skilled activities. With that assessment, the ALJ found plaintiff unable to perform his past relevant work as a pharmacist, which requires prolonged standing and walking.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as hospital admitting clerk and pharmacy technician. As a result, the ALJ found plaintiff not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

/ / /

01  Plaintiff argues[2] that the ALJ erroneously concluded he is able to perform other work in
02  the national economy at step five, contending he is disabled as a result of a number of medical
03  conditions. Implicitly, he requests entry of an award of benefits. The Commissioner agrees
04  the ALJ's decision was not free of legal error, requesting a sentence four remand for further
05  proceedings. However, this Court agrees with plaintiff that the case should be remanded for an
06  award of benefits.

<u>Step Five</u>

08  As required, the ALJ in this case employed the above-described five-step procedure for
09  determining disability. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Valentine v. Comm'r,* 574
10  F.3d 685, 689 (9th Cir. 2009). While plaintiff bears the burden of proof at steps one through
11  four, the burden shifts to the Commissioner at step five "to show that the claimant can do other
12  work." *Valentine,* 574 F.3d at 689 (citing *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988)).
13  After completing step four of the sequential evaluation, the ALJ found plaintiff had established
14  a prima facie case of disability, being unable to perform his past relevant work. To complete
15  the process, the Commissioner posed a hypothetical to the vocational expert (VE) incorporating
16  plaintiff's RFC, requesting an opinion on what kind of work could be performed by an
17  individual with those limitations. The RFC included, *inter alia,* a restriction to only occasional
18  reaching overhead. (AR 399, 597.)

19  The VE testified that he considered the positions of hospital admitting clerk and
20  pharmacy tech, but both required frequent reaching. (AR 599.) Therefore, the positions

---

[2] The Court acknowledges and appreciates the professionalism of the Special Assistant United States Attorney representing the Commissioner given the challenges of responding to the briefing of a *pro se* litigant.

considered would not be appropriate, and the VE testified he could not find other examples of occupations that would fit the limitations. (*Id.*) The ALJ found this testimony consistent with the information listed in the Dictionary of Occupational Titles (DOT). (AR 404.) However, in the decision, the ALJ retreated from the RFC finding and the hypothetical posed to the VE, finding as follows:

> Although the vocational expert testified these occupations require frequent reaching, which might exceed the residual functional capacity, the claimant's complaints and self-described limits exceed the relatively mild conditions shown in the objective medical evidence and Dr. Duckler's testimony. Considering the lack of objective evidence to support several of claimant's allegations, e.g., frozen shoulder and knees and the lack of treatment despite his access to VA facilities, it is determined that these occupations do not exceed claimant's functional capacity at any time through the date last insured.

(AR 404-05.)

This conclusion lacks the support of substantial evidence. As the Commissioner notes, the hypothetical posed to the VE "must set out *all* the limitations and restrictions of the particular claimant[.]" *Magallanes*¸881 F.2d 747, 757 (9th Cir. 1989) (citing *Embrey*, 849 F.2d at 422) (emphasis in original). Here, the hypothetical included a restriction on more than occasional reaching. (AR 597.) Moreover, the RFC adopted by the ALJ included the same restriction. (AR 399.) Finding the only available jobs exceeded plaintiff's RFC, the ALJ did not change the RFC, but instead attempted to shoe-horn plaintiff's functional capacity into the requirements of the jobs. The Commissioner "concedes error that there is an inconsistency between the plaintiff's RFC and the requirements of work identified at step five." (Dkt. 22 at 6.)

Further, the ALJ's step five finding creates a conflict between the VE testimony and the

/ / /

DOT. The VE testified [3] the DOT description of the hospital admitting clerk (DOT 205.362.018) and pharmacy technician (DOT 074.382.010) required frequent reaching. (AR 599-600.) The ALJ found, "after careful consideration of the entire record", that plaintiff was restricted to occasional lifting. (AR 399.) Nevertheless, the ALJ found that plaintiff could perform the jobs of hospital admitting clerk and pharmacy technician. (AR 404-05.) The ALJ did not address this inconsistency. An ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. Social Security Ruling (SSR) 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

Remand

The Commissioner asks this Court to remand the case for further proceedings so that the ALJ can clarify the inconsistency between the ALJ's RFC and the requirements of the jobs identified at step five. The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

At step five, the Commissioner has the burden of proving plaintiff retains the capacity to

---

[3] The testimony was not "somewhat equivocal" as suggested by the Commissioner, but quite unequivocal. (AR 599-600.)

make an adjustment to work that exists in significant levels in the national economy. *Valentine*, 574 F.3d at 689. The Commissioner failed to meet that burden, conceding the lack of substantial evidence support for the step five finding in this case.

The Court finds no useful purpose would be served by remanding this case for a third[4] administrative hearing. To date, plaintiff has waited over six years for his disability determination, and the matter has already been once remanded. The fact that additional proceedings would pose further delay weighs additionally in favor of an award of benefits. *See, e.g., Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988) (noting claimant had already waited over five years since applying for benefits; "Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage -- financial, medical, and emotional.")) The ALJ's RFC finding and the vocational testimony establish that no jobs exist in substantial numbers in the national economy that plaintiff can perform. Therefore, a finding of "disabled" is compelled.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for an award of benefits.

DATED this 8th day of June, 2012.

Mary Alice Theiler
United States Magistrate Judge

---

4 Counting the June 18, 2010 partial hearing (AR 551-70), a remand for further proceedings would actually result in a fourth hearing.